FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 24, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARYL DANITA CARBY,<br><br>                    Plaintiff,<br><br>    v.<br><br>CENTRAL INTELLIGENCE AGENCY, *et al*,<br><br>                    Defendants. | NO. 2:26-CV-0026-TOR<br><br>ORDER DISMISSING COMPLAINT |

BEFORE THE COURT is Plaintiff's Complaint. ECF No. 1. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, all claims asserted by Plaintiff are **DISMISSED with prejudice**.

## BACKGROUND

Plaintiff, proceeding *pro se*, currently has thirteen actions pending before

ORDER DISMISSING COMPLAINT ~ 1

this Court that have all been filed since January 2026.[1]  The complaints, which are handwritten and largely unintelligible, are against an assortment of individuals and entities including Barrack Hussein Obama, the Central Intelligence Agency, Donald Trump, George Walker Bush, the Nigerian Government, and the City of Spokane, to name a few.

Plaintiff filed this action on January 16, 2026 against the named Defendants. Plaintiff seeks $50,000,000.00 in damages and a permanent injunction.  The Complaint appears to allege that Defendants have been illegally surveilling Plaintiff, have publicly slandered and defamed Plaintiff and her family which has resulted in stolen identities, immigration interference, and the murders and attempted murders of Plaintiff's family members.

Plaintiff previously filed an application to proceed *in forma pauperis* which was denied with leave to renew or pay the full filing fee within 30 days.  ECF No. 4.  Plaintiff did not submit a renewed application or pay the full filing fee within the allotted time.  For this reason and the reasons discussed below, the Court dismisses Plaintiff's Complaint.

[1] *See* Case Numbers 26cv26-TOR, 26cv42-TOR, 26cv54-TOR, 26cv55-TOR, 26cv119-TOR, 26cv121-TOR, 26cv122-TOR, 26cv142-TOR, 26cv143-TOR, 26cv159-TOR, 26cv160-TOR, 26cv162-TOR, 26cv166-TOR.

ORDER DISMISSING COMPLAINT ~ 2

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."

A complaint fails to state a claim upon which relief may be granted if it lacks a cognizable legal theory or lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990). Plaintiff's Complaint lacks sufficient facts to support a cognizable legal theory against any of the Defendants.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle [her] to relief." *Id*. "In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff." *Id*. Mere legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint must contain more than "a

ORDER DISMISSING COMPLAINT ~ 3

formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court construes a *pro se* plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation omitted).

The Court finds that Plaintiff has failed to state facts which "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## OPPORTUNITY TO AMEND

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend her complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court finds that it is absolutely clear that no amendment will cure the deficiencies in Plaintiff's Complaint. Therefore, the Court dismisses Plaintiff's Complaint with prejudice.

//

//

//

//

ORDER DISMISSING COMPLAINT ~ 4

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Complaint (ECF No. 1) is **DISMISSED** with prejudice.

The District Court Executive is directed to enter this Order and Judgment accordingly, forward copies to Plaintiff, and **CLOSE** the file.

DATED April 24, 2026.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT ~ 5